**Allareny DIALLO, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 07–5027–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2008.

Theodore Vialet, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division Michelle G. Latour, Assistant Director, Office of Immigration Litigation, Sunah Lee, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: JOSEPH M. McLAUGHLIN, REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Allareny Diallo, a native and citizen of Guinea, seeks review of an October 12, 2007 order of the BIA affirming the December 9, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Allareny Diallo,* No. A97 752 779 (B.I.A. Oct. 12, 2007), *aff'g* No. A97 752 779 (Immig. Ct. N.Y. City Dec. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 140 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

■ We lack jurisdiction to review the agency's determination that an asylum application was untimely. 8 U.S.C. § 1158(a)(3); *see Gui Yin Liu v. INS,* 508 F.3d 716, 720 (2d Cir.2007). While we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), Diallo makes no argument that would invoke our jurisdiction. Accordingly, to the extent Diallo asks us to review the agency's determination that his

asylum application was untimely, we must dismiss his petition for lack of subject matter jurisdiction. *See Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007).

Section 1158(a)(3), however, applies only to asylum requests and does not divest the court of jurisdiction to review the denial of other relief, including withholding of removal. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006). We therefore review Diallo's claim for withholding of removal on the merits.

■ In order to be eligible for withholding of removal, a petitioner must show that it is more likely than not that his "life or freedom would be threatened in [the] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)(1); *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). We conclude that substantial evidence supports the IJ's determination that Diallo failed to establish the required nexus between his fear of retribution arising from a home purchase gone wrong and a protected ground. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005).

Diallo testified that he was detained and beaten by the Guinean government because he opposed the government's effort to destroy the home he had purchased from his father's former business partner, Sylla. This testimony is consistent with Diallo's asylum application, in which he stated that he was "accused of incitation to violence during the houses [sic] demolition in Kaporo–Rail." Diallo also testified that he had not been mistreated by the Guinean government prior to protesting the government's demolition of his house, and he acknowledged that his house had been built illegally. There is no indication in the record that Diallo was ever detained or otherwise mistreated by the Guinean government because of his race, religion, nationality, membership in a particular social group, or political opinion.

Diallo also failed to demonstrate that Sylla's subsequent threats and attempts to harm Diallo had the required nexus to a protected ground. Rather, Diallo testified that Sylla's son, Ibrahima, told the police that Sylla sent him to kill Diallo so that Sylla would not "lose at the trial" in the case that Diallo had instituted to recoup his losses on the demolished house. Even if Sylla's personal vendetta arising from a civil suit were somehow attributable to government actors, the conduct does not bear the required nexus to Diallo's race, religion, nationality, membership in a particular social group, or political opinion.

Accordingly, the IJ reasonably concluded that Diallo failed to make the required showing for withholding of removal. On appeal, petitioner points to no evidence that would compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B).

Because Diallo has failed to challenge the agency's denial of CAT relief before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem the point waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).